## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VANCE STRADER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 24-661 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| AVIS CAR RENTAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **ORDER OF DISMISSAL**

For the reasons that follow, this case will be dismissed pursuant to 28 U.S.C. § 1915, and Plaintiffs may either file an amended complaint or pursue their claims in state court.

Plaintiffs have been granted leave to proceed *in forma pauperis* ("IFP"), and the Complaint is subject to the screening provisions in 28 U.S.C. § 1915(e). Gochin v. Markowitz, 791 Fed. Appx. 342, 345 (3d Cir. Oct. 21, 2019) (screening applies to "prisoners and non-prisoners alike") (citation omitted). Among other things, dismissal is warranted if subject matter jurisdiction is lacking. *See* Mickman v. Superior Ct., 2024 WL 1342741, *1 (3d Cir. Mar. 29, 2024) (citing binding authority).

Plaintiffs allege diversity jurisdiction. Complete diversity is required. No Plaintiff can be a citizen of the same state as any defendant. Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015).

Although the pleadings do not expressly aver, the Court reasonably may infer that Plaintiffs are citizens of Pennsylvania. So too is Defendant the City of Pittsburgh. *See* Compl. (Doc. 3). Also named as Defendants are "unknown assailants and the known assailants." *See id.* at caption, ECF-banner pgs. 1 and 13 of 13. Plaintiffs do not allege the assailants'

citizenship.  The only supportable inference is that they are citizens of Pennsylvania.  *See id.* at ¶ 8 (the alleged assailants are "known to frequent Allegheny Commons[, an apparent residential or apartment complex], . . . living or spending time with their girlfriends and/or mothers").

Plaintiffs' allegations regarding the remaining Defendants, Avis and Allegheny Commons, are insufficient.  Avis is alleged to be "associated with out-of-state corporations, as are its stockholders."  *Id.* at ¶ 1.  This does not speak to the applicable standards.  *See* Lincoln, 592 F.3d at 104 ("A corporation is a citizen . . . of the state where it is incorporated and of the state where it has its principal place of business.") (citation to quoted source omitted).  As to Allegheny Commons:  "[Plaintiffs] believe[] that the parent corporation, corporate owners, [and/or] stockholders . . . are entities from outside the state.  Unfortunately, Allegheny Commons [e]mployee Courtney has refused to provide the necessary information regarding their [sic] parent corporation and liability insurance company."  Doc. 3 at ¶ 2.

Although allegations regarding citizenship may be made on information and belief, they must have resulted from a reasonable inquiry into the facts.  Lincoln at 107-108.  This includes reviewing court filings and other public records.  *Id.* at 108.  Asking "Courtney" does not suffice.

In sum, a majority of Defendants, facially, are non-diverse.  Plaintiffs' allegations regarding the others are insufficient.  The Complaint will be dismissed for lack of subject matter jurisdiction.

Mr. Strader is no stranger to litigation in this District Court.  Regardless, Plaintiffs' desire to proceed in federal court with the instant claims is perplexing.  Tort-based claims sound in state law.  The City of Pittsburgh, unquestionably, is not diverse.  It seems unlikely that the alleged

assailants will be either. And Plaintiffs will have to engage in substantial due diligence to properly assert – on information and belief – that the entity or entities legally responsible for the Allegheny Commons complex are not citizens of Pennsylvania (where it is located). Had Plaintiffs brought suit in state court, these difficulties would have been avoided.[1]

Of course, Plaintiffs are free to file suit where they choose. Wherever they sue, however, there must be allegations supporting an exercise of subject matter jurisdiction. Here, there are not, and the Complaint (**Doc. 3**) is **DISMISSED** under Section 1915(e).

Plaintiffs have two options. One, they may file an amended complaint, attempting to cure the deficiencies identified herein.[2] Should Plaintiffs elect to amend, they must make last, best efforts to state claims over which the Court may exercise subject matter jurisdiction (and upon which relief may be granted). Further opportunity for amendment will not be provided.

Or two, Plaintiffs may file a written notice indicating that they will pursue their claims – all of which sound in state law – in state court. Should Plaintiffs elect this option, the Court promptly will enter an order memorializing that the dismissal is without prejudice to Plaintiffs' refiling in state court.

---

[1] While any properly-named defendant might challenge personal jurisdiction in state court, so-too may they here.

[2] To be clear, this is the scope of permissible amendment. Attempts to enlarge the lawsuit or raise new legal theories will be stricken and/or disregarded. Buxton v. Dougherty, 2018 WL 3524502, *8 (W.D. Pa. Jul. 23, 2018); Stein v. United Artists Corp., 691 F.2d 885, 898 (9th Cir. 1982); *see also* Nolen v. Fairshare Vacation Owners Assoc., 2023 WL 5622595, *9 (9th Cir. Aug. 21, 2023) (in granting leave to amend, the court may define the scope of permissible amendment) *and* Buari v. City of N.Y., 530 F.Supp.3d 356, 411 (S.D.N.Y. 2021) (collecting cases and holding same).

Whichever option they choose, Plaintiffs' filing deadline is **June 17, 2024**.  If no filing timely is made, this Order will stand as the final adjudication of the Court.[3]

IT IS SO ORDERED.


May 30, 2024                                              s/Cathy Bissoon
                                                          Cathy Bissoon
                                                          United States District Judge


cc (via First-Class U.S. Mail):

Vance Strader
Mary Strader
7234 Kedron St.
Pittsburgh, PA 15208

---

[3] A single copy of this Order, and future filings, will be sent to Plaintiffs at the mailing address listed on their Civil Cover Sheet:  7234 Kedron St., Pittsburgh, PA  15208.  Doc. 1-1.  Although a second mailing-address is provided at the close of the Complaint, the filing does not make clear which address is affiliated with which Plaintiff.  Doc. 3 at ECF-banner page 11 of 13 (identifying "[o]ur addresses," but not specifying whose is whose).  Each Plaintiff is responsible for keeping current and accurate his or her address of record.  If either Plaintiff is dissatisfied with the Kedron Street address, he or she must file with the Clerk of Court a "Notice of Change of Address," under this case caption.  Any failure to receive Court filings as a result of noncompliance will not be excused.  Finally, given that non-lawyers are not permitted to represent other non-lawyers, neither Plaintiff is permitted to sign or make filings on the other's behalf.  Joint filings will be considered only if each Plaintiff separately affixes his and her signature.  Any purported joint submission not signed by each Plaintiff will be stricken.