# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VANCE STRADER, *et al.*,          )
                                      )
                Plaintiffs,      )       Civil Action No. 24-661
                                        )
     v.                           )       Judge Cathy Bissoon
                                        )
AVIS CAR RENTAL, *et al.*,         )
                                        )
               Defendants.     )

## <u>ORDER</u>

The Order of Dismissal entered on May 31, 2024 (Doc. 5) will be deemed the Court's final adjudication, as supplemented herein.  There is little meaningful distinction between the original Complaint (Doc. 3) and the Amended Complaint (Doc. 11).[1]  The only notable "amendments" are Plaintiffs' having titled the latter an "Amended Complaint to Exclude All Defendants Except Avis Budget Group and Allegheny Commons Community Partners," Doc. 11 at 1; and their attachment of an Allegheny County Real Estate tax assessment report for 255 E. Ohio St., Pgh., PA  15212.  The report indicates that the owner is "Allegheny Commons Community Partners LP," with an "[o]wner [m]ailing" address of 17782 Sky Park Circle, Irvine CA  92614.  Doc. 11-1 at 3.

This is hardly the type of robust review of public records envisioned in <u>Lincoln Benefit Life Co. v. AEI Life, LLC</u>, 800 F.3d 99, 107-108 (3d Cir. 2015).  *See* Doc. 5 at 2.

---

[1]  Plaintiffs also have filed "Objections" (Doc. 10), which are not legally recognized in this context.  To the extent they seek recusal or judicial disqualification, the request is denied.  The undersigned has no bias against Plaintiffs, and Mr. Strader's displeasure with legal rulings – in this or any other case – is insufficient.  <u>Securacomm Consulting, Inc. v. Securacom Inc.</u>, 224 F.3d 273, 278 (3d Cir. 2000).

Other *readily* available public records identify the entity as a "Domestic Limited Partnership,"

formed in Pennsylvania.  *See* Pa. Dept. of State website at:

https://file.dos.pa.gov/search/business (file number 7347434).  For diversity purposes,

the citizenship of a limited partnership is the same as the citizenship of all of its partners,

including limited partners.  Thus, the entity is a citizen of every state of which its partners are

citizens.  Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP, 49 F.4th 866, 870

(3d Cir. 2022) (citation to quoted sources omitted).

     The obvious lack of complete diversity in the original Complaint notwithstanding,

the Court afforded Plaintiffs an opportunity to amend the pleadings.  The Court clearly identified

the controlling legal standards.  It also made clear that, should Plaintiffs elect to amend their

pleadings, they were required to make last, best efforts because further opportunity would not be

provided.

     To the extent that Plaintiffs wished to demonstrate the citizenship of any entity, they were

afforded a reasonable period of time to conduct due diligence.  The Court extended the period by

30 days, on their request.  *See* text-Order at Doc. 9.  After enjoying such opportunity,

Plaintiffs are no closer to establishing subject matter jurisdiction than before.  It appears that the

scope of their effort, as relates to Allegheny Commons, was to run a single search in a county

real estate property tax database.  Yet a readily available search of the *Commonwealth's*

Department of State database reveals the entity to be a *domestic* limited partnership *formed in

Pennsylvania*.  Under the circumstances, whether one or more of the partners are citizens of the

Commonwealth is beside the point.  Plaintiffs have completely failed their burdens.[2]

---

[2]  The Amended Complaint continues to level *substantial* allegations against facially non-diverse
parties.  *See, e.g.,* Doc. 11 at ¶¶ 23, 27-29, 40, 47-50, 52, 59, 61-62, 65, 78 & 80 (continuing to
allege, ad nauseam, that the City of Pittsburgh was negligent and is liable); *see also id.* ¶¶ 20

It is time for this matter to draw to a close, in this tribunal at least.  The prior Order of

Dismissal is deemed the Court's final adjudication, as supplemented herein.[3]  A Rule 58

judgment will issue, and the case remains closed.

IT IS SO ORDERED.


August 16, 2024                                              s/Cathy Bissoon_____
                                                            Cathy Bissoon
                                                            United States District Judge


cc (via First-Class U.S. Mail):

Vance Strader
Mary Strader
7234 Kedron St.
Pittsburgh, PA  15208

---

(alleging that defendants, presumably the alleged assailants, are "ultimately responsible,"
having "resided or conducted business in the vicinity of Allegheny Commons").  The Court need
not address whether any facially non-diverse entity is indispensable.  *Cf.* Burns v. Femiani,
786 Fed. Appx. 375, 379-80 (Sept. 13, 2019) (non-binding decision, cited for general principles
only).  Given Plaintiffs' failure to meet their burdens, the wheels already are off the wagon.

[3]  The dismissal is without prejudice to Plaintiffs' refiling in state court.  This Court states no
opinion regarding any potentially applicable statute(s) of limitation.

3